# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DAVID W. HOWARD,

    Plaintiff,

v.

SUNTRUST INVESTMENT
SERVICES, INC.

    Defendant.

Case No. CV415-015

## **ORDER**

In its last Order the Court noted that the district judge would rule on defendant Suntrust Investment Services, Inc.'s pending emergency motion to stay plaintiff David W. Howard's state court action. Doc. 18 at 2. Given that fact, the Court granted "the parties' implied motion to stay *this* case pending a ruling on Suntrust's emergency motion." *Id.* (emphasis added). The Court was addressing the fact that the parties had failed to comply with their Fed. R. Civ. P. 26(f) obligation. *Id.*

Wasting this Court's time, Howard has hand-delivered to the

undersigned's chambers a letter-motion for clarification.[1] Doc. 22. He wants to make sure that the undersigned was not enjoining his *state* court case. *Id.* The Court **GRANTS** his motion. Doc. 22. It now clarifies that it is *not* enjoining plaintiff's state court case; the Court's prior order concerned only *this* case while addressing the parties' Rule 26(f) obligation, then staying further action in *this* case until the district judge rules.

**SO ORDERED**, this 26th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] A chambers staff member has since delivered it to the Clerk for filing on the docket. Doc. 22. As this Court has repeatedly stated: Those who seek judicial action (e.g., to clarify something) must file a *motion*, not send a letter to a judge's chambers. *See* Fed. R. Civ. P. 7(b)(1) (requires that requests for judicial action be made "by motion."). Letters can get lost, while motions get filed and thus create a public record in this, a court of *record*. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000). And when motions get placed on the Court's "pending motions" list, they get considered, while letters can be overlooked or forgotten.